# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**RONALD WILLIAMS**                                                      **PLAINTIFF**

**V.**                 **NO. 4:22-cv-01250-BRW-ERE**

**DOES and**
**DUB BRASSELL DETENTION CENTER**                 **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within 14 days. If you do not object, you risk waiving the right to appeal questions of fact. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.**     **Discussion:**

Plaintiff Ronald Williams, an inmate at the W.C. Brassell Adult Detention Center ("Detention Center"), filed this federal civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Docs. 2, 5.* In his original and amended complaints, Mr. Williams alleges that unidentified staff members were deliberately indifferent to his serious

medical needs. He complains that he suffers from neuropathy and Detention Center staff failed to provide him medication and a repaired, or new, "medical walker." *Doc. 5 at 4*. However, in describing his constitutional claims, Mr. Williams fails to identify any staff member by name. He sues only unidentified Doe Defendants and the Detention Center in their official capacity only.

On December 29, 2023, the Court entered an Order notifying Mr. Williams that his complaint and amended complaint failed to state a plausible constitutional claim.[1] However, rather than dismiss the case at that time, the Court postponed the screening process mandated by 28 U.S.C. § 1915A[2] to give Mr. Williams an opportunity to file an amended complaint clarifying his constitutional claims. *Doc. 7*.

To date, Mr. Williams has not filed a second amended complaint identifying and naming as defendants any individuals subject to suit under 42 U.S.C. § 1983, and the time to do so has passed. For the same reasons previously explained to Mr.

---

[1] The Court explained to Mr. Williams that: (1) detention center are not entities that can be sued in a civil rights case brought under 42 U.S.C. § 1983; and (2) why he failed to state an official capacity claim. *Doc. 7*.

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Williams, his current pleadings (*Doc. 2* & *Doc. 5*), fail to state a plausible constitutional claim for relief.

### III.  Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Williams' case be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

3. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

Dated this 3rd day of February, 2023.

_____
UNITED STATES MAGISTRATE JUDGE